Fuchsberg, J.
(concurring). Although I join the result on this appeal, I write separately only because I believe it a mistake for the court to suggest that the plaintiffs’ CPLR 2004 motion for an extension of time to file their complaint had to be accompanied by an affidavit of merits or its equivalent.
Fair calculation indicates that in this case the service of the complaint, rejected by the defendant solely for untimeliness, was then but three days late. In opposing plaintiffs’ ensuing CPLR 2004 motion for an extension of time, defendant claimed no prejudice. To routinely insist on a showing of merits under such circumstances would be to *873 impose an unwarranted burden for the curing of an unprejudicing departure.
An accelerated showing of merits is no small thing. This must be done on the affiants’ personal knowledge or, only as permitted in exceptional circumstance, by an acceptable secondary showing (4 Weinstein-Korn-Miller, NY Civ Prac, par 3216.22). Prematurely and before counsel may be fully prepared to do so, it commits the theory of one’s case in greater or lesser detail. Therefore, as every experienced and painstaking lawyer knows, the preparation of appropriate papers may call for an expenditure of professional time and energy akin to that ordinarily reserved, for instance, for such substantive stages of a litigation as a motion for summary judgment, discovery or even the ultimate trial (cf. Siegel, New York Practice, § 281, pp 337-338; 4 Weinstein-Korn-Miller, NY Civ Prac, par 3212.09).
The imposition of such a stern obligation, no matter how semantically softened, is therefore a more appropriate condition for curing substantial defaults rather than the nonsubstantive, often courtesy-expecting, minor departures which most opposing counsel, sensitive to the practicalities of running a law practice, graciously allow each other as a matter of course. In the end, almost always, this serves reciprocal convenience. It also comports with the now long held liberal goal of the civil practice law and rules “to secure the just, speedy and inexpensive determination” (CPLR 104; see, also, CPLR 2001). As this case, wastefully wending its way all the way through our judicial hierarchy, so well illustrates, resort, instead, to hypertechnical punitive processes also impacts unfavorably on the desirable goal of judicial economy. Such adventures should not receive our encouragement, surely not in the absence of a more telling context. (See, generally, Farrell, Civil Practice, 32 Syracuse L Rev 75, 107.)
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler and Meyer concur in memorandum; Judge Fuchsberg concurs in a concurring opinion.
Order affirmed, etc.